## WATSON et al. v. HILLIS et al.

No. 12573—Opinion Filed Jan. 15, 1924.

**Trial — Demurrer to Evidence — Action to Cancel Deed.**

Where the evidence for plaintiff shows not only a stale claim, but an estoppel by conduct, and where the basis of the action is an alleged forged deed, supported in the testimony only by the bald assertion that the deed in question was intended as a rental contract, such case is without merit and the trial court properly sustained a demurrer to the evidence.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Action by Martha Smith against J. M. Hillis and Frances L. Hillis to cancel a certain deed. Judgment for defendants, and plaintiff brings error. Upon death of plaintiff, cause revived in name of heirs, Oneza Watson et al. Affirmed.

This action was originally commenced on January 12, 1920, by Martha Smith to cancel and set aside a certain deed alleged by her to be a forgery. Since the trial of the case in the lower court, Martha Smith died and the cause has been revived in the names of her heirs.

On October 3, 1906, Martha Smith executed an instrument of writing and delivered the same to the defendant, J. M. Hillis, and the same was placed of record. Plaintiff alleged, in substance, that said instrument so placed of record in October, 1906, was represented to her, and was intended by her, to be a five year lease contract for a consideration of $150 a year. That in fact it was a warranty deed and that the same was never signed, acknowledged, and delivered by her as such, and prayed for cancellation thereof. Defendants answered by general denial and further denied that any lease contract was ever entered into between plaintiff and defendant J. M. Hillis, and alleged that said deed was made, executed, and delivered by the plaintiff for a consideration of $800, and that defendant immediately entered into the possession of the real estate described in said deed and has ever since remained in the peaceable and quiet possession thereof under and by virtue of said deed, and that his possession thereof has at all times been open and adverse to the plaintiff. Said cause was tried on February 14, 1921, and at the close of plaintiffs' testimony defendants interposed a demurrer to the evidence, which was by the court sustained, and judgment rendered in favor of the defendants. After unsuccessful mo-

tion for new trial, the case has been brought to this court for review by petition in error with case-made attached. The parties will be hereafter referred to as plaintiffs and defendants, respectively, as they appeared in the trial court.

Walter Mathews, for plaintiffs in error.

Opinion by LOGSDON, C. The only error complained of in the brief of plaintiffs is the action of the trial court in sustaining the demurrer of the defendants to the evidence of the plaintiff. Plaintiff's evidence tended to show that she inherited this land from one of her deceased children; that she was illiterate and unable to read and write; that in 1906 she executed an instrument to the plaintiff which was represented to her to be, and which she intended, as, a lease contract for a period of five years at an annual rental of $150; that she did not know whether she acknowledged such instrument or not, and did not know whether the same was witnessed or not; that she has lived in the vicinity and neighborhood of said land during all of the time since October, 1906, and that she had never received any rental from defendants, and that they have been occupying said premises during all of that time; that she did not know until just prior to the commencement of this action that defendants claimed title to the premises. This constituted, in material substance, the case-made by the plaintiff upon the trial and on which she asked to have said deed canceled and set aside as a forgery.

A mere statement of these material facts in plaintiff's evidence is sufficient to demonstrate the entire lack of merit in this appeal. The evidence shows that for a period of nearly 15 years prior to the beginning of this action defendants have been in open, notorious, and adverse possession of the premises covered by this deed, paying no rentals thereon, and claiming to be the owners thereof. Plaintiff resided in the immediate neighborhood during all the time subsequent to the execution of the instrument, which she now claims was intended as a lease contract for five years, and admits that she never received any rentals under said alleged contract, and that she never demanded payment of the same. She merely makes the bald assertion that the deed of October 3, 1906, under which defendants went into possession and retained said premises is a forgery. This naked assertion is contradicted by all of her conduct. For nearly 15 years she sat by and permitted defendants to use and occupy said premises under a claim of ownership and without payment of any rent or even the semblance of a demand from her for the payment of rent or any as-

sertion in any manner of her rights under any alleged lease contract. If such proceedings were to be recognized as sufficient to sustain an attack on a record title, very few titles in this state would be secure, and the courts would be burdened by an endless stream of vexatious litigation possessing no substantial merit.

The action of the trial court in sustaining defendants' demurrer to plaintiff's evidence was eminently proper, and the judgment of the court in favor of the defendants in this action should be in all things affirmed.

By the Court: It is so ordered.